## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------ x
DANIEL REALE,                   :
                                :
and MIRIAM IRIZARRY             :
                                :
                                :
        Plaintiffs,             :
                                :
                                :
v.                              :
                                :
CHRISTI HASKELL, KATHLEEN       :    Civil No. 3:21-cv-1349 (AWT)
BARRY, ROXANNE BOISEE, PEGGY    :
BOUREY, MICHAEL BROUGHTON,      :
ARRIANA LANDRY, AUDREY LEMIEUX, :
HEATHER SMITH, DIANE SUMMA,     :
PAUL BRENTON, SCOTT SUGARMAN,   :
and PLAINFIELD BOARD OF         :
EDUCATION,                      :
                                :
        Defendants.             :
------------------------------ x
```

### RULING ON MOTION TO DISMISS

The plaintiffs, Daniel Reale and Miriam Irizzary, bring this action against defendants Plainfield Board of Education (the "Board of Education"); Board of Education members Christi Haskell, Kathleen Barry, Roxanne Boisee, Peggy Bourey, Michael Broughton, Arriana Landry, Audrey Lemeiux, Heather Smith, and Diane Summa; Superintendent of Plainfield Public Schools Paul Brenton; and Assistant Superintendent of Plainfield Public Schools Scott Sugarman.

This case arises out of a dispute concerning masking policies adopted by the Board of Education in response to COVID-

-1-

19. There were six counts in the Amended Complaint (ECF No. 21) and Counts Four and Six have been dismissed. See ECF No. 55. As to the remaining Counts, Count One is a claim by Daniel Reale against Christi Haskell, Scott Sugarman, and the Board of Education for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (the "ADA"). Count Two is a claim by Daniel Reale against Christi Haskell, Scott Sugarman, and the Board of Education pursuant to 42 U.S.C. § 1983 for violation of his rights under the First Amendment. Count Three is a claim by Miriam Irizarry against Sugarman and the Board of Education pursuant to 42 U.S.C. § 1983 for violation of her rights under the First Amendment. Count Five is a claim by both plaintiffs, against all of the defendants, pursuant to 42 U.S.C. § 1983 for violation of their rights under the First Amendment.

The defendants now move to dismiss as moot only the claims for injunctive and declaratory relief in Counts One, Two, Three, and Five pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons set forth below, the motion to dismiss is being denied in part and granted in part.

## I.   FACTUAL ALLEGATIONS

Plaintiff Daniel Reale has "chronic rhino-sinusitis and associated allergies, which cause substantial to near complete obstruction of his nasal passages and result in substantially increased difficulties in breathing." Am. Compl. at ¶ 6. He

alleges that this condition "is a 'disability' for the purposes of 42 U.S.C. § 12102(a)(1)" because "[i]t impairs the major life activity of 'breathing' as set forth in 42 U.S.C § 12102(2)(A) in terms of major life functions and 42 U.S.C. § 12102(2)(B) in terms of bodily functions." Id. He alleges that the condition "has resulted in shortness of breath and asthma" throughout his life. Id.

On September 8, 2021, Reale attended a Board of Education meeting. He alleges that, at the time he attended the meeting, he "was regarded as having an impairment for the purposes of 42 U.S.C. § 12102(3)(A) . . . and was exempt from mask wearing requirements." Id. at ¶ 7. Reale alleges that, at the meeting, Sugarman "insisted [Reale] wear a mask," and Reale responded, "I'm exempt." Id. at ¶ 9.  Reale contends that Sugarman then "insisted" that he sit in the back of the auditorium "in order to screen out and identify him as protected under the ADA." Id. Reale then sat in the back of the auditorium.

Reale alleges that he signed up to speak during the public comment portion of the September Board of Education meeting. He alleges that Haskell and the Board of Education "demanded that [he] wear a mask." Id. at ¶ 11. Reale responded, "I'm exempt," but Haskell and the Board of Education "ordered the Plaintiff to leave the meeting, which he did." Id. Reale alleges that, prior to leaving, he "asked Defendant Haskell if he could either take

the microphone and address the Defendants over 100 feet away from the back of the auditorium, or if he would have to file suit." Id. at ¶ 16. He alleges that Haskell said "'send out the marshal' and in fact openly and notoriously demanded the suit be filed." Id.

Reale alleges that he had attended a prior Board of Education meeting in August 2021. Unlike the September meeting, Reale did not sign up to speak during the public comment portion of the August meeting. Reale alleges that, at the August meeting, the defendants "actively chose to honor his ADA exemption," and "he was not bothered or requested to wear a mask." Id. at ¶ 10. Reale claims that the defendants "selectively enforced Executive Orders by honoring Plaintiff Reale's right to be present in August and then denying it in September when he decided to participate in public comment." Id. at ¶ 14. He claims that the defendants selectively enforced the masking policy against him because the defendants "feared the loss of COVID-19 related funding and sought to delay [Reale's] ability to collect signatures for [a] petition" for a town referendum seeking to change Plainfield's COVID-19 policies. Id. at ¶ 80.

On or about September 1, 2021, plaintiff Miriam Irizarry "showed up to protest the Defendant's policies forcing mandatory masking and COVID-19 vaccination in front of the Plainfield

-4-

Central School." Id. at ¶ 68. Irizarry alleges that she was protesting on a sidewalk that is "not school grounds and in fact is a public right [of way] sufficiently far away from students so as to prevent danger from COVID-19 or anything else." Id. at ¶ 70. She alleges that Sugarman "commanded the Plaintiff and other protesters to leave the sidewalk and protest across the street on privately owned property." Id. Irizarry alleges that Sugarman "believed that this would result in the Plaintiff being charged with first degree criminal trespass or some other crime." Id. at ¶ 71. She alleges that "[i]n order to effectuate his ends and that of Defendant Plainfield Board of Education, [Sugarman] caused Plainfield PD to show up." Id. She alleges that "[t]he Plaintiff and the other protesters were then given the instruction to not sing, chant or verbalize any content of speech, thereby violating even further the Plaintiff's right to have in fact spoken, sang or chanted if she so desired." Id.

On September 8, 2021, Irizarry "protested the same policies that Plaintiff Reale wished to speak out against on September 8, 2021 for many of the same, common reasons." Id. at ¶ 72.

## II.  LEGAL STANDARD

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it[.]'" Cortlandt St. Recovery Corp. v. Hellas

Telecomm., 790 F.3d 411, 416-17 (2d. Cir. 2015) (quoting
Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)).
The party asserting subject matter jurisdiction "bears the
burden of proving subject matter jurisdiction by a preponderance
of the evidence." Aurechione v. Schoolman Transp. Sys., Inc.,
426 F.3d 635, 638 (2d Cir. 2005).

When reviewing a motion to dismiss for lack of subject
matter jurisdiction, the court "must accept as true all material
factual allegations in the complaint, J.S. v. Attica Cent. Sch.,
386 F.3d 107, 110 (2d Cir. 2004), but the court is "not to draw
inferences from the complaint favorable to plaintiffs." Id.
However, when interpreting the allegations in a pro se
complaint, the court applies "less stringent standards than
[those applied to] formal pleadings drafted by lawyers." Haines
v. Kerner, 404 U.S. 519, 520 (1972); see also Branham v.
Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996).  Furthermore, the
court should interpret the plaintiff's complaint "to raise the
strongest arguments [it] suggest[s]." Burgos v. Hopkins, 14
F.3d 787, 790 (2d Cir. 1994).

In addition, the court may consider evidence outside the
pleadings when reviewing a motion to dismiss under Rule
12(b)(1). See Makarova, 201 F.3d at 113. In fact, "the court may
resolve disputed jurisdictional fact issues by reference to
evidence outside the pleadings, such as affidavits." Antares

Aircraft, L.P. v. Fed. Republic of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991).

### III. DISCUSSION

The defendants argue that the claims for injunctive and declaratory relief in each remaining count are moot. "A case is moot when the issues presented are no longer 'live' or the parties 'lack a legally cognizable interest in the outcome.'" Tann v. Bennett, 807 F.3d 51, 52 (2d Cir. 2015) (quoting Blackwelder v. Sanfauer, 866 F.2d 548, 551 (2d Cir. 1989) (internal quotation marks omitted).

### A. **Injunctive Relief**

In Count One, Reale claims that Haskell, Sugarman, and the Board of Education discriminated against him on the basis of his disability in violation of the ADA when they required that he wear a mask or sit in the back of the auditorium during the September 2021 Board of Education meeting, subsequently forced him to leave the meeting, and refused to allow him to participate in the public comment portion of the meeting because he was not wearing a mask. See Am. Compl. at ¶ 10, 11, 14, 16. Reale claims that under the ADA, he was exempt from wearing a mask because of his disability and removing him from the meeting was a prohibited denial of participation in a public accommodation in violation of 42 U.S.C. § 12182 (b)(1)(A)(i). See Am. Compl. at ¶ 18.  The defendants argue that the request

for injunctive relief in Count One is moot because the Board of Education voted to suspend its mandatory mask wearing policy at a meeting on February 23, 2022.

Reale contends that his request for injunctive relief in Count One is not moot because it falls under the exception to the mootness doctrine for matters capable of repetition, yet evading review. The court agrees.

"The Supreme Court has recognized an exception to the general rule [regarding mootness dismissals] in cases that are capable of repetition, yet evading review." Lillbask ex rel. Mauclaire v. State of Conn. Dept. of Educ., 397 F.3d at 77, 84-85 (2d Cir. 2005)(quoting Murphy v. Hunt, 455 U.S. 478, 482 (1982)(per curiam)(alteration in original))(internal quotation marks omitted). "The exception, however, applies in exceptional situations where two circumstances are simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." Lillbask, 397 F.3d 77, 85 (quoting Spencer v. Kemna, 523 U.S. 1, 17 (1998)(alteration in original))(internal quotation marks omitted).

As to the first circumstance, it appears that Board of Education meetings are usually held on a monthly basis in the

Plainfield High School Auditorium. <u>See</u> Plainfield Bd. Educ., <u>BOE</u>
<u>Meeting Minutes</u>, https://www.plainfieldschools.org/board_of_
education/boemeeting minutes. If a masking policy were
reinstated, Reale would not be able to fully litigate a legal
challenge he might make to that reinstated policy in the 30 or
so days between meetings. <u>See</u> <u>Irish Lesbian and Gay Org. v.</u>
<u>Giuliani</u>, 143 F. 3d 638, 648 (2d Cir. 1998)(finding the few
weeks between permit application denial and parade in which to
obtain judicial review "clearly insufficient" for full
litigation of First Amendment claims)(citing <u>Martin v. Yellow</u>
<u>Freight Sys., Inc.</u>, 983 F.2d 1201, 1202 (2d Cir. 1993) (holding
that the "capable of repetition" exception applied where
administrative judge's order could not be fully litigated in 120
days); <u>Rastelli v. Warden, Metro. Correctional Ctr.</u>, 782 F.2d
17, 20 (2d Cir. 1986) (finding a period of 31 to 119 days to be
too short for parole revocation limits to be fully litigated)
(internal quotation marks omitted).

As to the second circumstance, the defendants argue that
there cannot be a reasonable expectation that Reale would be
subject to a masking policy and the consequences of
noncompliance going forward because the "Board of Education has
rescinded the requirement for masks to be worn inside of school
buildings as of February 23, 2022". Def. Mem. Supp. Mot. Dismiss
(ECF No.46-1) at 12.

At the February 23, 2022 meeting, Superintendent Brenton gave an update on a parent survey concerning COVID-19 and on the latest communications from the Connecticut Department of Health and the Connecticut Department of Education. Information that had been "gathered from the recent survey that was distributed to staff and the school community was presented. Based on the responses, a majority of the school population would like to see the masks become optional in schools." Defs. Mem. Supp. Mot. Dismiss, Exh. A, ¶ 3.a. Superintendent Brenton reported that the state mandate would be discontinued as of February 28, and he "recommend[ed] that the Board suspend their policy regarding masking in school." Id. The following motion was then made:

> MOTION: Mr. Broughton made a motion to suspend our current mask policies as of February 28th in following with guidance from the State of Connecticut to end mandatory mask wearing in schools starting that day with the understanding that; Students will continue to be required to wear masks on school busses in accordance with Federal TSA guidelines which currently extend until March 18th and, current guidelines permit the State Department of Education or the BOE to reimplement a masking policy for students and staff on a temporary basis in response to a community COVID-19 outbreak in accordance with Department of Health Guidelines.

Id. The motion was amended to reflect that "the wearing of the mask is optional and those that wish can still wear one." Id. The motion passed unanimously.

Thus, the Board of Education suspended the masking policy; it did not rescind it. Also, the motion expressly takes note of

the Board of Education's ability to reimplement a masking policy
for students and staff on a temporary basis in the event of a
COVID-19 outbreak in the community. The reason the Board of
Education reserved the right to reimplement a masking policy is
because, at the time, the situation with respect to COVID-19 was
an evolving one, and there continues to be significant concern
with respect to COVID-19 in Connecticut. See Ctrs. For Disease
Control & Prevention, COVID Data Tracker Weekly Review:
Interpretive Summary for December 16, 2022, https://www.cdc.gov/
coronavirus/2019-ncov/covid-data/covidview/index.html. If a
masking policy was implemented for students and staff, it would
likely have an impact on attendees at meetings of the Board of
Education because those meetings are held at Plainfield High
School.

In light of the foregoing, Reale does have a reasonable
expectation that he could be subject to a masking requirement by
the defendants in the future, and the court finds unpersuasive
the defendants' argument that reimplementation of a masking
requirement is merely a "speculative contingency." Defs. Mem.
Supp. Mot. Dismiss at 12.

In Count Two, Reale brings a claim against defendants
Haskell, Sugarman, and the Board of Education pursuant to 42
U.S.C. § 1983 for violating his rights under the First Amendment
by not permitting him to speak during the public comment portion

of the September 2021 Board of Education meeting because he was
not wearing a mask. See Am. Compl. at 30-31, 50, 57-65, 67.
Reale's situation with respect to Count Two is like his
situation with respect to Count One, and, as he has a reasonable
expectation that he could be subject to a masking requirement by
the defendants in the future, he also has a reasonable
expectation that he could be prevented from speaking at a Board
of Education meeting for failure to comply with that masking
requirement.

In Count Three, Irizarry brings a claim against Sugarman
and the Board of Education pursuant to 42 U.S.C. § 1983 for
violating her rights under the First Amendment by preventing her
from protesting the defendants' masking, social distancing, and
vaccination policies on a sidewalk in front of Plainfield
Central School. The defendants make the same argument as to
mootness, i.e. based on the motion passed at the February 23,
2022 Board of Education meeting, that they make with respect to
Count One and Count Two. As to Irizarry protesting a masking
policy, the court's analysis is the same as with respect to
Count One and Count Two. As to Irizarry protesting social
distancing and vaccination policies, such policies were not
addressed during the February 2022 Board of Education meeting,
and the defendants make no other argument with respect to
Irizarry's interest in protesting on a public sidewalk near a

Plainfield school.

In Count Five, both plaintiffs bring a claim against all of the defendants for violation of their rights under the First Amendment. The plaintiffs argue that under the decision in their favor by the Connecticut Superior Court in Connecticut Freedom Alliance, LLC, et al. v. State of Connecticut Department of Educ., et al. Docket No. HHD-CV-20-6131803-S(Conn. Super. Ct. 2021), the defendants did not have the "authority, right or ability to act in the manner they have under any pretense of any COVID-19 Executive Order of any kind, and relative to Plaintiff Reale, his removal and threatened removal from public meetings. As to Plaintiff Irizarry, that included her removal from the sidewalk in front of a school." Am. Compl. at ¶ 96. However, that decision was reversed by Casey v. Lamont, 338 Conn. 479 (2021), and the Superior Court entered an order reflecting that fact on May 24, 2021. See Final Memorandum of Decision on Summary Judgement, Connecticut Freedom Alliance, LLC, et al. v. State of Connecticut Department of Educ., et al. Docket No. HHD-CV-20-6131803-S(Conn. Super. Ct. 2021) at 4 (summary judgment entered in favor of defendants).

Thus, not only is the claim for injunctive relief in Count Five moot, but the underlying claim is moot as well. Therefore, Count Five is being denied in its entirety.

-13-

B. **Declaratory Relief**

"The existence of an actual controversy in the constitutional sense is . . . necessary to sustain jurisdiction under the Declaratory Judgment Act." Stokes v. Village of Wurtsboro 818 F.2d 4, 6 (2d Cir. 1987)(quoting Muller v. Olin Mathieson Chemical Corp., 404 F.2d 501, 504 (2d Cir. 1968) (internal quotation marks and citations omitted)). The defendants' argument as to why the claims for declaratory relief are moot is the same as their argument with respect to why the claims for injunctive relief are moot. Likewise, the court's analysis is the same. The court concludes that the motion to dismiss should be denied with respect to the claims for declaratory judgment in Counts One, Two, and Three and that the motion should be granted with respect to Count Five, which should be dismissed in its entirety.

IV.   **CONCLUSION**

For the reasons set forth above, Defendants' Corrected Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 46) is hereby GRANTED in part and DENIED in part. The motion is being granted as to the claims for declaratory and injunctive relief in Count Five, and the motion is being denied with respect to the claims for declaratory and injunctive relief in Counts One, Two, and Three. In addition, Count Five is dismissed in its entirety.

-14-

It is so ordered.


Dated this 3rd day of January 2023, at Hartford,

Connecticut.


                                        _____
                                              /s/AWT
                                        Alvin W. Thompson
                                        United States District Judge